## AUGUSTINE SHURTLEFF *vs.* HELEN FRANCIS & others.

Norfolk.    March 25. — June 26, 1875.    AMES & DEVENS, JJ., absent.

To constitute a delivery of an assignment of a mortgage to the assignee, it is not enough that the assignment passed into his hands; it must be shown that the assignor delivered it to him with the intention of passing the property in the debt and mortgage to him.

A. executed an assignment of a mortgage, did not deliver it to the assignee, but requested him to have it recorded as soon as A. should die. *Held,* that the assignment was inconsistent with the statute of wills, and therefore a nullity.

BILL IN EQUITY by the son and executor of Samuel A. Shurtleff against Helen Francis and Isabella Coolidge, daughters of said Samuel A., and against their minor children, asking the instructions of the court whether certain assignments of mortgages made by the testator to the plaintiff were valid, or were invalid and passed as property under his will.

The case was reserved by *Endicott*, J., upon the bill, answers, replication and evidence, for the consideration of the full court. The facts of the case appear in the opinion.

*W. W. Warren*, for the plaintiff.

*C. A. Welch*, for the daughters.

*P. E. Tucker*, for the guardian *ad litem* of the minor children.

MORTON, J.   The testator executed assignments of certain mortgages held by him to the plaintiff.   A part of the assignments ran to the plaintiff to his own use, a part to him as trustee of Helen Francis, and a part to him as trustee of Isabella Coolidge.   The main question in this case is whether these assignments were delivered to the plaintiff so that the property in the mortgage debts passed to him before the death of the testator. If they were thus delivered, he would hold the property for the purposes and upon the trusts created or declared by the assignments; if they were not delivered, the property remained undisposed of at the death of the testator and would be subject to his will.

The question presented is purely a question of fact, and upon a careful consideration of all the evidence we are satisfied that there was no delivery.   To constitute a delivery to the plaintiff, it is not enough to show that the assignments passed into his hands; it must be shown that the testator delivered them to him with the intention to pass the property in the debts and mortgages to him.   The plaintiff nowhere testifies that they were delivered to him as his property.   He states that his father gave them to him at the dates of their respective acknowledgments, " with instructions, in case he died before I did, to put them on record at once," and that nothing else was said at the time.   The inference is strong that it was not intended or understood that the assignments were to be operative until the death of the assignor, and the subsequent acts of both parties strengthen this inference.   The plaintiff never exercised or pretended to have exclusive control of the assignments.   They were deposited in a safe to which his father had access equally with himself, and were kept with the will of his father and other papers of which the son had no legal control.   The notes, which were the principal, the mortgages being accessories, were never indorsed to the son, and were never in his possession.   They were treated by the father as his own property.   He collected for his own use the interest on them, from time to time, as it fell due.   The facts shown as to the previous assignments are very significant to show the intention and purposes of the assignments in question.   The testator had previously made other assignments of mortgages to

the son, in the same manner and for like purposes. He received the interest on those mortgages, in some cases received the whole or a portion of the principal of the notes, and gave releases in his own name; in one case released a portion of the land without receiving any consideration, and in one case entered and foreclosed one of the assigned mortgages in his own name. It is clear that, both as to the prior mortgages and the mortgages in question, the testator regarded and treated them as his property as much after as before the assignments, and that the son claimed no control or dominion over them before his death. Upon the whole evidence we are satisfied that there was no delivery of the assignments, that it was not the intention of the parties to transfer the property to the plaintiff during the life of his father, but that the purpose of the transactions was that the transfer of the property should not take effect until after his death. As this purpose cannot be carried into effect consistently with our statute of wills, it follows that the assignments were to be treated as nullities, and the property covered by them is to be disposed of under the residuary clause of the will. *Decree accordingly.*