MADELIA E. HAYDEN *vs.* WILLIAM M. HAYDEN & trustees.

Hampshire. Sept. 21. — Oct. 21, 1886. DEVENS & W. ALLEN, JJ., absent.

A corporation was authorized by will to lend money from the income of a fund, to the amount of $500, for a term not over five years, to each of certain apprentices, on his furnishing security for the repayment of the same, at the expiration of the term, with interest annually. The will further provided, that, if the interest were paid punctually, and in a certain other event, the obligation should be cancelled. The corporation deposited the sum of $500 in a savings bank in the name of an apprentice, but payable to the corporation, as collateral security for the promissory note of the apprentice, by which he promised to pay the corporation $500 in five years from date, or on demand, at the option of the trustees of the corporation, with interest annually. Three days before the five years from the date of the note expired, the trustees " voted to surrender " the note of the apprentice. On the same day, and before anything further had been done, an action was brought against the apprentice by a third person, and the savings bank and the corporation were summoned as trustees. *Held,* that they were entitled to be discharged.

TRUSTEE PROCESS. Writ dated June 24, 1884, and served on the Northampton Institution for Savings and the Trustees of the Smith Charities, summoned as trustees, on the same day.

---

[*] *Carr* v. *Fairbanks*, 28 Vt. 806. *Collins* v. *Chase*, 71 Maine, 434. *Bliss* v. *Smith*, 78 Ill. 359.

It appeared, from the answer of the Northampton Institution for Savings, that, on July 2, 1879, it received a deposit of $500 from the clerk of the Trustees of the Smith Charities; that a book was issued therefor entitled "Wm. M. Hayden, payable to the order of the Smith Charities;" that interest was paid to said clerk as follows: on March 26, 1884, $50.25, and on June 6, 1884, $25; and that the officers of the institution were unable to say whether the deposit was made directly or indirectly for the benefit of the defendant.

The answer of the Trustees of the Smith Charities, filed on October 30, 1884, was as follows:

"And now the Trustees of the Smith Charities, summoned as trustees of the defendant in the above action, come, and for answer say that at the time of the service of the writ upon them they had not in their hands or possession any goods, effects, or credits of the defendant. And of this they submit themselves to an examination upon oath.

"And further answering, these Trustees say that they are incorporated under the laws of this Commonwealth to carry into effect the provisions of the last will and testament of Oliver Smith, Esquire, deceased; that by the provisions of said will material to this case, a sum of money, to wit, the sum of five hundred dollars, was lent by the Trustees of said Smith Charities to the principal defendant, and that to secure the payment of said sum with interest, said defendant gave said Trustees his promissory note, and deposited in the Northampton Institution for Savings the sum of five hundred dollars as collateral security for said note; that the principal defendant, having complied with the provisions of said will, the Trustees of the Smith Charities, in pursuance of the provisions of said will, voted to cancel and give up said note to said principal defendant; that this vote was passed by them before the service of the writ upon them in this action.

"Wherefore they say that at the time of the service of said writ upon them they had not in their hands and possession any goods, effects, or credits of the defendant.

"Wherefore they pray that they may be discharged."

In answer to the interrogatory, filed by the plaintiff, "Do you now claim any right, title, or interest in said five hundred

dollars, now in the hands and possession of said Northampton Institution for Savings?" the following answer was made:

" The note given 'the Trustees of Smith Charities has never been surrendered to said William M. Hayden; if the vote and record of said Trustees of Smith Charities, as set forth in their answer filed October 30, 1884, and hereto annexed, without any surrender of the note to the principal maker, is such an act as releases all our claim to said money or on said note, then we do not claim any interest in said money, except as we may hold it for said William M. Hayden, or as trustees in this suit. A printed copy of said will is hereto annexed. We also annex a copy of said order of Trustees of Smith Charities, and a copy of said note and indorsements. Said Trustees of Smith Charities further state, upon a more careful examination of said note and indorsements, that there is still due on said apprentice note six and $\frac{4}{100}$ dollars, as interest from April 1, 1884, to June 27, 1884."

The copy of the vote and record annexed was as follows:

" June 24, 1884. Voted to surrender the apprentice notes of Lewis A. Day and William M. Hayden, Charles H. Waite and Orson P. Smith, they having paid the interest punctually, and the Trustees being satisfied that they will make good use of the money in the future."

The copy of the note was as follows:

" $500.                    Northampton, June 27, 1879.

Value received, I, William M. Hayden of Deerfield, promise to pay to the Trustees of the Smith Charities, or their order, five hundred dollars, in five years from date, or on demand, at the option of said Trustees, at any time within said five years, with interest annually.    William M. Hayden."

The indorsements on the note showed that interest on the same had been received as follows: July 22, 1880, $30; March 8, 1882, $30; March 26, 1884, $50.25, interest to April 1, 1883; June 6, 1884, $25, interest to April 1, 1884.

Annexed to the answers of the trustee was a copy of the will of Oliver Smith. . So much of the will as relates to the question in this case is thus stated by Chief Justice Bigelow, in *Smith Charities* v. *Northampton*, 10 Allen, 498, 500 : " By a clause in the testator's will, he made provision for the selection of certain

boys by the trustees, to be bound out as apprentices on certain terms and conditions by him specified, until their arrival at the age of twenty-one years, and in relation to the boys thus selected and bound out he made this further provision: ‘ Each of said boys who shall have been bound out as aforesaid, and who shall apply therefor at any time within six years after his arriving at the age of twenty-one, and who shall have conducted himself well and faithfully during his apprenticeship, and also until the time of such application, shall, at the discretion of said trustees, receive a loan of money from the income of this fund, not exceeding five hundred dollars, for a term not over five years, on his furnishing good and satisfactory security for the repayment of the same at the expiration of said term, with the interest thereon annually. And if at the end of the said term the interest shall have been punctually paid, and the conduct of the borrower shall have been such as to satisfy the said trustees that he will in future make a good use of the money, the obligation shall be cancelled and given up without the payment of any further sum than the interest aforesaid.’ ”

In answer to further interrogatories, the trustee answered, that, at the time of the deposit, it was understood that interest was to be paid thereon ; that interest was received from the savings institution and applied to the payment of interest on the note; and that, at the time of the service of the writ in this case, there was due from the savings institution, as interest on the deposit, the sum of $27.19.

At the hearing in the Superior Court, before *Staples*, J., both trustees were discharged ; and the plaintiff alleged exceptions.

*J. B. O'Donnell*, for the plaintiff.

*T. G. Spaulding*, for Northampton Institution for Savings.

*D. W. Bond*, for Trustees of Smith Charities.

C. ALLEN, J.   The plaintiff relies on the vote of the Trustees of the Smith Charities passed on June 24, 1884, as creating an obligation to the principal defendant, of which he might avail himself.   The question arises out of the somewhat peculiar method adopted by the Trustees of administering their trust, in respect to the loan to the defendant.   Instead of lending the money for a fixed term, not over five years, during which the beneficiary would know that he could have the use of it,

the Trustees took from him a note payable in five years, or on demand, at their own option; and instead of making a loan, of which, during its continuance, the beneficiary could make a beneficial use, the whole amount of the money lent was held in the savings bank as collateral security for its repayment, yielding a lower rate of interest than the beneficiary was required to pay to the Trustees. Thus, the loan, instead of being a benefit to him, would be a burden, unless at its maturity the Trustees should see fit to cancel and give up his note. If the note had been made payable at the end of five years, without the further provision making it payable on demand at the option of the Trustees, it is quite plain that they would have no authority to cancel or give it up before the end of the five years. This is fully covered by the decision in *Smith Charities* v. *Northampton*, 10 Allen, 498. In that case, the Trustees sought the instructions of this court as to their duty and power in respect to loans made by them under the same clause of the will which authorized a loan to the present defendant, in cases where the borrowers died before the expiration of the terms for which the loans were made, and it was then assumed, both by the Trustees in seeking instructions, and by the court in expounding the will, that in the execution of their trust the Trustees would, as a matter of course, make loans only for fixed terms. It is not necessary for us, in the present case, to make a final determination of the question whether the Trustees had any authority to make a loan upon the terms contained in the note taken from the defendant, or whether, assuming that they had such authority, they could cancel and give up the note before the expiration of the five years, without at least first making a formal demand for its payment; because even if, merely for the sake of the argument, such power were to be conceded, we are of opinion that, upon the facts stated, the Trustees by their vote of June 24 did not intend to make a present gift of the money to the defendant, and that, if they did so intend, they did not do enough to make a completed gift to him. Construed in the light of all the facts disclosed, and especially in the light of their power and duty under the will, as heretofore explained to them by this court, their vote does not import an intention to surrender the note at once, or before the expiration of the five years, so as to give

to the defendant a present absolute right to its surrender, and to a transfer to himself of the money held by the savings bank. There is nothing but the mere language of the vote itself which goes to show such intention. That language does not necessarily lead to that inference. It is consistent with an intention to give up the note at the end of the five years, which term would expire three days later; and the circumstances disclosed lead us to suppose that such was, in point of fact, their intention.

But whatever their intention at the time, the mere vote would not, of itself alone, amount to a gift of the money to the defendant. There was no previous understanding that such a vote should be passed. The defendant knew nothing of it. Nothing was done in pursuance of it, prior to the commencement of the plaintiff's action. The plaintiff appears to have obtained early information, in some way not disclosed, of the vote, and to have taken prompt action, with a view to availing herself of it. The vote, however, was merely a voluntary act, to which the defendant was in no way a party or privy, and no surrender or transfer was made to him or to any person in his behalf. In order to give to him a present absolute right to the money, there must have been, not only an intention to make a present gift of it to him, but enough must have been done in execution of such intention to make the gift complete. *Scott* v. *Berkshire County Savings Bank*, 140 Mass. 157, 166. *Sherman* v. *New Bedford Savings Bank*, 138 Mass. 581. *Ide* v. *Pierce*, 134 Mass. 260. *Gerrish* v. *New Bedford Institution for Savings*, 128 Mass. 159. *Cummings* v. *Bramhall*, 120 Mass. 552, 564. *Shurtleff* v. *Francis*, 118 Mass. 154. *Clark* v. *Clark*, 108 Mass. 522. *Brabrook* v. *Boston Five Cents Savings Bank*, 104 Mass. 228.

*Exceptions overruled.*