VINAL STEVENS *vs.* JENNEY C. STEVENS.

Middlesex.    November 15, 1889. — January 4, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Manual Delivery of Deed — Evidence of Intent.*

On the issue whether a deed of land, signed by the grantor, passed into the hands of the grantee so as to convey the title, the grantor may be permitted to testify that she never parted with the possession of the deed with the intent that it should take effect as a deed.

WRIT OF ENTRY to recover a parcel of land in Somerville. Plea, *nul disseisin.* Trial in the Superior Court, before *Dewey,* J., who, after a verdict for the tenant, allowed exceptions, which appear in the opinion.

*C. S. Lincoln & E. G. McInnes,* for the demandant.

*F. L. Washburn,* for the tenant.

DEVENS, J.    A deed made by the tenant was in the possession of the demandant's grantor, the husband of the tenant; it had never been recorded, and was destroyed by the tenant when she succeeded in obtaining it, alleging that it had been stolen from her possession. Nearly two years after its destruction the husband conveyed the premises to the demandant. The demandant merely offered evidence that a deed of the land demanded had been made by the tenant to one Knapp, and

thereafter another deed of the same premises had been made by Knapp to her husband, who had brought them to the house occupied by both, and that afterwards the tenant found and destroyed them. The tenant testified, " that after the execution of the deeds they were brought to her by her husband, and that she took them and placed them in a drawer in her bureau under other articles belonging to her; that she allowed the instrument or deed from her to said Knapp to be taken and used only for the purpose of making the deed from Knapp to her said husband, and that after both instruments had been returned to her and placed by her as above stated, they remained in their place under her control undisturbed for some time; that without her knowledge they were at some time removed by some person and concealed from her, and that after long search she found and destroyed them as already stated; and that said deeds were made under the understanding that they should remain in her possession, and only take effect in case of her death." When the tenant was permitted as a witness to testify, in answer to an inquiry from her counsel, that she had never parted with the possession of the deeds with the intent that they should take effect as deeds, she added nothing to the statement that she had already made in asserting that the deeds had been taken from her without her consent, and thus that she had been wrongfully deprived of their possession. The only exception is to the admission of this evidence. It would perhaps be enough to say that the evidence admitted was immaterial, and can have done the demandant no harm.

Independently of this consideration, as something more is necessary to the efficacy of a conveyance than a mere manual transfer of the instrument, it was competent to show, if the deeds were found in the manual possession of the demandant's grantor, that they were so without any delivery by the tenant with any purpose or intent that they should be operative as deeds. It must appear that the grantor parts with the control of the instrument with the intention that it shall operate immediately as a conveyance of title, and that it passes into the hands or is placed at the disposal of the grantee, or of some other person in his behalf. *Hawkes* v. *Pike*, 105 Mass. 560. " To constitute a delivery to the plaintiff," says Mr. Justice Morton in *Shurtleff*

v. *Francis,* 118 Mass. 154, " it is not enough to show that the assignments passed into his hands; it must be shown that the testator delivered them to him with the intention to pass the property in the debts and mortgages to him." Undoubtedly a concealed intention that a delivery made with such formalities, or declarations, or under such circumstances, that the grantee believed, and was justified in believing, that the manual transfer was made with the purpose of passing the property to him and accepting it as such, could not prevail against the intention expressed, or fairly to be implied, from the declarations or conduct of the grantor. *Perry* v. *Porter,* 121 Mass. 522. But an alleged grantor, whose deed is found in the possession of another, would be entitled to show that it was there without any intent upon his part to pass the property, and without any acceptance by the alleged grantee, or any right on the part of the grantee to accept it as delivered to him in order to pass the property. The tenant had a right, as a part of her case, to show that she had never parted with it with any intent to pass the property which it purported to convey. Even if this might have been met by evidence that she had parted with it under such circumstances that the demandant's grantor believed, and was justified in believing, that it was delivered to him in order to pass the property, and was accepted by him as such, it was not the less competent evidence.

As the tenant was by law a competent witness, she could properly testify to any fact which bore upon the issue before the jury. It was therefore proper to inquire of her whether the deed found in the possession of the demandant's grantor was there with any intent on her part to pass the. property to him. *Fisk* v. *Chester,* 8 Gray, 506. *Thacher* v. *Phinney,* 7 Allen, 146. *Lombard* v. *Oliver,* 7 Allen, 155. *Snow* v. *Paine,* 114 Mass. 520, 526.

*Exceptions overruled.*