BURDELLA PARROTT & others *vs.* MILES W. AVERY.

Berkshire. September 28, 1893. — October 20, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Deed — Delivery — Devise.*

A deed of land to the grandson of the grantor, executed in the presence of a witness, in consideration of "love and affection," was found after the grantor's death in a chest owned by him, which, with its contents, was given by the grantor's will to the grandson. The grantor retained possession of the land and of the chest and its contents until his death. The executor of the will delivered the deed to the grantee, who recorded it. *Held,* in a writ of entry to recover possession of the land, that these facts failed to show a delivery of the deed in the grantor's lifetime.

The gift in a will of "my chest and its contents," among which is an unrecorded and undelivered deed of land executed by the testator to the devisee, in consideration of "love and affection," does not operate as a devise of the land.

WRIT OF ENTRY, to recover possession of a parcel of land in Great Barrington. Plea, *nul disseisin.* The case was submitted to the Superior Court, and, after judgment for the demandants, to this court, on appeal, upon agreed facts, in substance as follows.

The tenant claimed title to the demanded premises by virtue of a deed to him of the same from his grandfather, one Miles Avery, deceased, dated January 21, 1888, the consideration for

which was expressed to be " love and affection," which was exe-
cuted in the presence of a witness, and which was recorded on
January 31, 1893; and also under the second clause of the will
of Miles Avery, which devised to the tenant, among other things,
" my chest and its contents except the bank-books."

The deed was duly executed by Miles Avery at or about the
time of its date, and is supposed to have been placed by him with
other valuable property in a certain chest owned by him, which
was the chest bequeathed to the tenant by the second clause of
the will. The will, which was dated May 25, 1889, was duly
proved and allowed, and the executor of the will, agreeably to
its provisions, delivered the chest and its contents, including the
deed, which was found in the chest, to the tenant, on January
28, 1893.

Miles Avery retained possession of the demanded premises,
and of the chest and its contents, up to the time of his death,
which occurred on May 10, 1891.

The demandants claimed title to the premises under the seventh
clause of the will, which was as follows : " All the residue and
remainder of my estate, both real and personal, not otherwise
disposed of, shall be equally divided among all of my grand-
children then living."

If the tenant had title to the demanded premises, judgment
was to be entered in his favor; otherwise, judgment was to be
entered for the demandants.

*H. C. Joyner*, for the tenant.

*A. C. Collins*, for the demandants.

ALLEN, J. 1. The agreed facts fail to show a delivery of the
deed in the grantor's lifetime. The grantor retained control
of the deed and of the land. There was no prior bargain with
the grantee, and no indebtedness to him, nor relation of trust
towards him. He had no knowledge of the execution of the
deed. The only consideration was love and affection. The deed
was not recorded during the grantor's lifetime. There was no
oral declaration by the grantor that he meant to have it take
effect at once. In short, there was nothing tending to show a
delivery of the deed except the bare fact that it was executed
in the presence of a witness. The question of delivery is a
question of fact, and delivery in the grantor's lifetime must be
proved. There must have been an intention that it should

operate as a present conveyance of title. A finding of the delivery of the deed would not be warranted on the agreed facts. *Stevens* v. *Stevens*, 150 Mass. 557. *Shurtleff* v. *Francis*, 118 Mass. 154. *Hawkes* v. *Pike*, 105 Mass. 560. *Brabrook* v. *Boston Five Cents Savings Bank,* 104 Mass. 228, 232. *Chase* v. *Breed*, 5 Gray, 440. *Younge* v. *Guilbeau*, 3 Wall. 636, 641. 3 Washb. Real Prop. (5th ed.) 577 *et seq.* There were no acts or declarations of the grantor sufficient to show an intent to treat it as delivered, or circumstances such as were found to be sufficient in *Lowd* v. *Brigham*, 154 Mass. 107, 113, 114, and cases there cited, and in *Regan* v. *Howe*, 121 Mass. 424.

2. Even though it be assumed that the undelivered deed was in the chest when the will was signed, the gift in the will of " my chest and its contents except the bank-books" does not operate as a devise of the land.

The danger of using words of this kind in a will is pointed out by Chitty, J., in *Robson* v. *Hamilton*, [1891] 2 Ch. 559, because an article may be in the chest one day and out of it the next, or may be put there for safe keeping during the testator's last illness by somebody who is taking care of things which are found lying about. Moreover, this form of gift, if it speaks from the death of the testator, would enable him to increase or diminish his gift at pleasure by putting things into the chest or taking them out from time to time; thus accomplishing what cannot be done by referring in the will to a separate paper thereafter to be prepared and signed by the testator. *Thayer* v. *Wellington*, 9 Allen, 283. However, this aspect of the case need not be dwelt on, because the words of the gift are not sufficient to carry the land even though it was clearly proved that the deed was in the chest all the time. The reason of this is that the deed is not to be considered as property in itself, but evidence of title to property situated elsewhere. Land cannot be deemed to be included amongst the contents of a chest, merely because a deed conveying it or an undelivered deed describing it is contained therein. Many cases are to be found in the books where questions have arisen whether gifts of goods, or chattels, or property, or things contained in or the contents of a certain place, or house, or closet, or cabinet, or desk, or trunk, should be held to include money, bonds, promissory notes, banker's receipts, or other similar articles of personal property, and the

decisions have not been uniform.  See cases cited in 1 Jarm. Wills, (Bigelow's ed.) 709 *et seq. ;* Wms. Ex. (6th Am. ed.) 1178 *et seq. ;* Theobald, Wills, (3d ed.) 145 ; *Penniman* v. *French,* 17 Pick. 404; *Lock* v. *Noyes,* 9 N. H. 430.  But no case has been cited by counsel or found by us in which it has been held that land would pass under such a gift by reason of a deed thereof being found amongst the contents of the place or receptacle designated.  On the other hand, title deeds have been selected as the most striking illustration of what would not pass under such general words.  *Brooke* v. *Turner,* 7 Sim. 671.  *Robson* v. *Hamilton,* [1891] 2 Ch. 559, 565, 566.  And a mortgage has been expressly held not to be so included, in *Fleming* v. *Brook,* 1 Sch. & Lef. 318, and *Brooke* v. *Turner, ubi supra.*  It is not as if the testator in his will had made a gift of the deed in express terms, or had directed it to be delivered to the tenant. That would have presented a different question.

It is of course possible that the testator may have mistakenly supposed that his undelivered deed to the tenant would be effectual to convey the land after his own death.  If that was so, it might be a reason why he did not give the land to the tenant by his will ; but it would not change the construction of the will itself, and enlarge the meaning of the words used, so as to make the land pass under the gift of the chest and its contents.

*Judgment for demandants affirmed.*