PEOPLE'S NATIONAL BANK *vs.* FREEMAN'S NATIONAL BANK.

Suffolk.     March 29, 1897. — September 9, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Draft* — " *Delivery* " — *Action.*

If a sight draft, attached to a sealed package addressed to the drawee of the draft, is sent by mail to a bank for collection with the instruction, "Papers to be delivered only on payment of draft," and the cashier of the bank hands the draft and package to the drawee, at his request, to allow him to open the package and examine its contents, after which he returns the draft and package to the cashier and declines to pay the draft, there is no delivery of the papers, within the meaning of the prohibition in the instruction.

TORT, or contract. Trial in the Superior Court, without a jury, before *Lilley,* J., who, at the request of the parties, re-

ported the case for the determination of this court. The facts appear in the opinion.

*M. F. Dickinson, Jr. & H. R. Bailey*, for the plaintiff.

*H. M. Rogers*, for the defendant.

BARKER, J. The defendant received by mail from the plaintiff for collection a sight draft pinned to a sealed package addressed to the drawee of the draft, who was a broker. The draft and package were sent in a letter, the contents of which, so far as material, were that the draft was for collection without protest, and " Papers to be delivered only upon payment of draft." The defendant had no knowledge of the contents of the sealed package, save such as could be inferred from the letter and from the appearance of the package, which was a large blue linen lined envelope, bearing the drawee's name and address in manuscript, and no more.

The drawee came to the defendant's banking-house in response to a notice, and at his request the cashier there handed to him the sealed package with the draft attached, and allowed him to open the package and examine its contents, after which the drawee handed back to the cashier the draft and package, and declined to pay the draft.

The package contained a report upon certain mines, which report the drawer of the draft, a mining expert, had made to the drawee, who wished to use the report in selling the mines, and who had employed the drawer to examine the mines, and to make a report thereon for a compensation, of which a part had been paid in advance, and the rest, payable on the delivery of the report, was represented by the draft. The report was long, and concluded with a summary to the effect that the mines were worthless.

Upon the refusal of the drawee to pay the draft, the defendant returned the draft and package to the plaintiff, with a letter stating that the draft was unpaid, and adding, " Denham claims the contract has not been fulfilled." Denham was the drawee. The plaintiff declined to receive the draft and package, returned them to the defendant, and brought this suit.

One count alleges the conversion by the defendant to its own use of the mining report. The other count alleges that the plaintiff employed the defendant to collect the draft and to

keep and handle the sealed package and to deliver it to the drawee only on payment of the draft, and that the defendant negligently and in violation of its instructions delivered the sealed package without payment of the draft, by reason of which the drawee became acquainted with the contents of the mining report; that the defendant destroyed the money value of the draft and of the report, and that but for such negligence the defendant could have collected the draft in full.

The case was tried without a jury, with a finding that the defendant had violated the instructions under which the draft and package were sent to it by the plaintiff, and that the plaintiff was entitled to recover damages in the sum of one dollar, and no more. At the request of the parties the case was reported for our determination upon all the points of law involved, with the agreement that if, upon the case presented and the findings made, the plaintiff is entitled to recover, and in any aspect of the case is not limited to nominal damages, judgment shall be entered for the plaintiff in the sum of $1,000, without interest or costs, and that, if the plaintiff is not entitled to recover, judgment shall be for the defendant without costs; and with the further agreement that, if the evidence of usage, and of the conversation between the cashier and the drawee when the draft and package were handed to the drawee and handed back by him to the cashier, which evidence was excluded against the defendant's objection, should have been admitted, that it is to have the effect to which, if believed, it would be entitled; and also that, if the defendant's objections to the admission of evidence tending to prove that the transactions between the drawer and drawee out of which the draft and mining report arose were sound, this court is to give effect to such objections, and to render judgment accordingly. The evidence of usage was that there is a well known and well established usage among the collecting national banks in Boston to allow parties to whom are addressed packages to which drafts are attached, with instructions identical with those in the present instance, to inspect the contents of such packages before the acceptance or payment of the drafts drawn on them.

The conversation excluded was, in substance, that when the draft and envelope were first shown by the cashier to the

drawee, the latter said that he was entitled to receive certain papers from the drawer, and was ready to pay the draft on receiving them ; that when the drawee handed the package back, he said that the envelope did not contain the papers promised him, and was not according to contract; that he declined to pay the draft; and further, that he would examine some papers at his own office, and asked to have the draft presented again the following day, when it was in fact again presented and payment again refused.    The evidence admitted against the defendant's objection was admitted on the question of damages, and consisted of certain portions of the drawer's deposition tending to prove the contract between himself and the drawee, its performance on his own part, and his own instructions to the plaintiff when he placed with the plaintiff· the draft and package.

Although the draft and package were not at once returned to the plaintiff when the draft was not paid upon its first presentation, but were held one day by the defendant, and the draft was then again presented to the drawee in accordance with his request, while the letter of instructions contained the statement, " These collections are not to be held for any reason whatever, — return at once if not paid on presentation," — this breach of instructions does not appear to have been relied upon at the trial, and is not alluded to in the briefs, and we treat it as immaterial upon the questions raised by the report.

Nor do we consider the question of usage, or the other question of evidence.    Assuming that the drawer had performed his contract, and was entitled to receive from the drawee the amount of the draft upon the delivery to the drawee of the mining report, when the drawee came to the banking-house in response to notice of the draft, the cashier committed no breach of the plaintiff's instruction, " Papers to be delivered only upon payment of draft," by handing the draft and the sealed package to the drawee, and permitting him to examine the contents of the package.    With or without the excluded conversation, there was no delivery of papers within the meaning of the prohibition in the instruction quoted.    The acts of the cashier and of the drawee, interpreted alone or in connection with what was said by them at the time, could not in law be found to be a delivery

of the papers, either of the draft or of the mining report.   The delivery meant by the plaintiff's instruction was a surrender of the package to the drawee as his own property ; and the instruction was not violated by allowing the drawee to take the draft and the sealed package into his own hands in the banking-house for the purpose of examining the contents of the package, and so determining whether he would accept the package and pay the draft.   That purpose is the only one which can reasonably be found, and it negatives delivery in the sense which that word has in the plaintiff's letter of instructions.

The word " delivery " could have no double meaning in the letter of instructions, and the delivery which the defendant was prohibited from making, except upon payment of the draft, could be no other than the delivery which it was required to make upon such payment.   That was clearly an absolute delivery to the drawee as his own, and thus the prohibition was not against allowing the drawee to take the draft or package into his own hands, not as his own property, but for the purpose of examination to see whether he would accept the package and pay the draft.   Such a temporary and qualified possession is not a delivery.   See *Maynard* v. *Maynard,* 10 Mass. 456 ; *Mills* v. *Gore,* 20 Pick. 28 ; *Markey* v. *Mutual Benefit Ins. Co.* 103 Mass. 78 ; *Hawkes* v. *Pike,* 105 Mass. 560; *Springfield* v. *Harris,* 107 Mass. 532, 538, 540 ; *Shurtleff* v. *Francis,* 118 Mass. 154 ; *Stevens* v. *Stevens,* 150 Mass. 557 ; *McCreary* v. *Boston & Maine Railroad,* 153 Mass. 300, 307 ; *Parrott* v. *Avery,* 159 Mass. 594.

It was not prohibited by the letter of instructions, as it might have been if the drawee was not to examine the papers.   And the defendant had no reason to suppose that it was contrary to the wish of the plaintiff or of the drawer of the draft, or that it could in any way prejudice the rights of any party to the transaction.   Upon the report there should be judgment for the defendant, without costs.

*So ordered.*