CLARA F. MURPHY *vs.* LENA G. HANRIGHT & others.

Middlesex. January 14, 1921. — March 10, 1921.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & JENNEY, JJ.

*Deed,* Delivery, Recording. *Evidence,* Presumptions and burden of proof, Of delivery of deed, Declaration of deceased person. *Land Court,* Findings by judge, Exceptions. *Practice, Civil,* Exceptions.

Findings by a judge of the Land Court upon the hearing of a petition for the registration of the title to certain land, that a certain deed of the land, dated and acknowledged in 1908 and recorded in 1912, upon a delivery of which the petitioner relied for his title, was not delivered in 1908 and "was not delivered as a present conveyance of title in 1912," are findings of fact and not rulings of law; and, if the judge makes rulings and findings as to other necessary elements of the petitioner's claim of title in accordance with his contention and orders the petition dismissed, he must be held to have found that the deed in question never was delivered; and, upon a record setting forth such findings and rulings, his findings must be held to be conclusive.

The mere facts, that, in 1915, a son gave to his father a deed conveying certain land to him for life and that the father accepted the deed, are not as a matter of law conclusive evidence as between the parties to that deed that a deed of the land to the son, dated and acknowledged in 1908 and recorded in 1912, was delivered by the father to the son on a date which would make the later deed a valid conveyance.

At the hearing of a petition in the Land Court involving the question of the delivery of the deed dated and acknowledged in 1908 and recorded in 1912, above described, where there was other evidence upon that question besides the 1915 deed, the judge may refuse a request for a ruling that the 1915 deed was *prima facie* evidence of the delivery of the earlier deed at a date that would make the 1915 deed valid, whether the ruling requested was taken to mean that the 1915 deed was such evidence as would justify a finding of such delivery and acceptance of the earlier deed, or to mean that it was such evidence as, in the absence of other evidence, required a finding of such delivery and acceptance of the earlier deed.

An exception to the admission, by a judge of the Land Court hearing a petition for a registration of title, of evidence of a declaration of a deceased person without first making a specific finding of the facts, necessary to the admissibility of the evidence under G. L. c. 233, § 65, that the declaration was made in good faith on the part of the declarant and of his own personal knowledge, will not be sustained where the record does not show that the judge did not make such preliminary finding or that such a finding could not have been made on the evidence, the fact of such a finding being inferable from the admission of evidence.

PETITION, filed in the Land Court on November 24, 1919, for the registration of the title to land in Wakefield.

The petitioner claimed title through a conveyance to her through a third person by her husband, Thomas F. Murphy, in 1919, contending that Thomas then had title to the land through a deed of his father, Dennis Murphy, dated August 10, 1908, acknowledged September 8, 1908, and recorded December 18, 1912, a deed from him to his father in 1915 being for his father's life only and providing that on his father's death, which occurred in 1918, title should "revert" to him. The respondents were the children and heirs at law of a sister of Thomas, and contended that the deed of Dennis, recorded in 1912, never was delivered, that Dennis owned the land at the time of his death, and that it was subject to the provisions of his will, by which Thomas was given only a legacy of $10, the respondents were given pecuniary legacies, their mother was made residuary legatee and the executor was given power to sell the real estate.

The petition was heard by *Davis,* J. Material evidence and findings of the judge are described in the opinion.

At the beginning of the hearing the petitioner requested a ruling that the deed from Thomas to Dennis in 1915 was *prima facie* evidence of the delivery and acceptance of the deed from Dennis to Thomas, dated August 10, 1908, and recorded December 18, 1912, at a date that would make the 1915 deed valid.

At the close of the evidence, the petitioner asked for the following further ruling:

"That the delivery and acceptance of the deed dated September 24, 1915, is as between the parties to that deed and those claiming under them conclusive evidence of the delivery and acceptance of the deed dated August 10, 1908, recorded December 18, 1912, on a date which would make the conveyance of Septem-

ber 24, 1915, a valid conveyance in accordance with the intention of the parties."

The judge refused the foregoing request for ruling, ruled that "the delivery and acceptance of the deed dated and acknowledged in 1908 may be shown to have been in 1912 in spite of intervening conveyances," found that no fraud or undue influence was perpetrated or practised to cause Dennis Murphy to draw any deed, that the deed of 1908, recorded in 1912, was not delivered in 1908 and "was not delivered as a present conveyance of title in 1912," and ordered the petition dismissed. The petitioner alleged exceptions.

In this court, the petitioner relied only on his exception to the refusal to give the rulings, above described, and to the admission of certain evidence described in the opinion.

*G. M. Nead,* for the petitioner.

*James J. McCarthy,* (*A. F. Harrington* with him,) for the respondents.

JENNEY, J. In December, 1907, Dennis Murphy was the owner of a parcel of land with buildings thereon in Wakefield, Massachusetts. By deed dated August 10, 1908, he conveyed it to his son, Thomas Murphy, to hold for the life of the son upon the express condition that he (the grantee) should pay to the grantor $36 each month, and that if the grantor predeceased his son, then to the son in fee. Thomas Murphy reconveyed the property to his father by deed dated December 13, 1911, and recorded March 12, 1912.

In December, 1912, there was recorded a deed in fee from the father to the son which was dated August 10, 1908, and acknowledged on September 8, 1908. It should be remembered that after the date of the acknowledgment of this deed, but before its record, Thomas had reconveyed to his father by a deed duly recorded before the record of the second deed from Dennis to Thomas.

The judge who heard the case in the Land Court upon a petition for registration of title found that in 1908, the father had had trouble with one Julia Murphy who had threatened to sue him, and that he had been advised to put his property in the name of the son to prevent attachment; that in November, 1908, he was sued and an attachment made; that the suit in which the

attachment had been made was settled in 1912; and that the father, who could not read thereafter desired to get his property back, and knew that the deed of his son given to him in 1911 had not been signed by his son's wife (who is the present petitioner), and asked for another deed containing a release by her.

The son testified that his father, in 1912, stated his desire that he (the son) should have full title after his father's death, and informed him that he had recorded the deed drawn in 1908 but not then delivered. The judge found that this deed, which was recorded in 1912, was not delivered in 1912 as a present conveyance of title. This is a finding of fact and not a ruling of law. See *Garden Cemetery Corp.* v. *Baker*, 218 Mass. 339. The findings that there were no delivery and acceptance of the deed in 1908, when it was executed, or thereafter in 1912, when it was recorded, must stand. The bill of exceptions, including as a part thereof the judge's findings, does not purport to include all the evidence. If the deed had been delivered when executed, the title thereunder would have antedated the deed of Thomas to his father dated December 13, 1911. In that contingency the rights, if any, of the son thereunder would have revested in his father by said deed.

Although Thomas then was left without any interest in the premises, in September, 1915, he gave another deed to his father in which dower and homestead were released. This deed was drawn on the ordinary warranty deed blank and is thus described in the decision of the Land Court: "At the end of the description is the following recital: 'Said Dennis Murphy to have above named property during his natural life, receiving whatever revenue there is from it and on the death of said Dennis Murphy the above mentioned property reverts back.' Then followed a clause providing for mortgaging with the written consent of Thomas, which clause, however, was stricken out. Then follows the ordinary habendum clause, in which the name 'Thomas' had been inserted and then erased, and the name 'Dennis' written in in its place, so that the habendum reads, 'to Dennis Murphy and his heirs and assigns to their own use and behoof forever.' Then follow the usual covenants of a warranty deed, and a release of dower and homestead by the present petitioner." The judge ruled that if this deed conveyed anything, it vested in the father a "life estate only." No exception was taken to this ruling: and as it constitutes

the law of the case, the deed must be so construed in considering the findings made.

The father died testate in 1918, leaving pecuniary legacies to the son and others, and devising the rest and residue of his property, which included whatever title he had to the land in controversy, to his daughter Mary. In 1919 Thomas gave a deed of the property to one Cade and later, in the same year, Cade conveyed it to the petitioner. These deeds were without pecuniary consideration.

In order to give any effect to the deed of the father recorded in 1912, it must have been delivered at some time. Upon evidence not before us in its entirety, the court denied the petition for registration. To maintain that petition, it was necessary on the judge's ruling as to the construction of the deed of 1915, to find that the deed recorded in 1912 was delivered after the date of its record. On conflicting evidence, this was a question of fact. *Parrott* v. *Avery,* 159 Mass. 594. The order of dismissal imported a finding of facts necessary to uphold it and consistent with the express findings made. *Hastings* v. *Merriam,* 117 Mass. 245. *Adams* v. *Dick,* 226 Mass. 46. *Prentiss* v. *Gloucester,* 236 Mass. 36.

A deed may remain undelivered, although it has been recorded. *Maynard* v. *Maynard,* 10 Mass. 456. *Powers* v. *Russell,* 13 Pick. 69. *Samson* v. *Thornton,* 3 Met. 275. *Hawkes* v. *Pike,* 105 Mass. 560. *Barnes* v. *Barnes,* 161 Mass. 381. A delivery, however, may be established after such record. *Parker* v. *Hill,* 8 Met. 447. The issue of delivery is ordinarily one of fact. *Mills* v. *Gore,* 20 Pick. 28. This question depends on the acts done and the intent with which they are performed. *O'Kelly* v. *O'Kelly,* 8 Met. 436.

The discussion of the judge as to the evidence and its effect clearly indicates that he found there had been no delivery of the deed at any time, although no express finding to that effect was made. Such finding, however, must be assumed to have been made, as otherwise, on the judge's construction of the deed of 1915, the petitioner would have been entitled to a decree of registration.

As all the evidence is not reported, the only questions open as to such delivery are those involved in the rulings to which the petitioner's exceptions relate.

These are, that the delivery and acceptance by the father of the deed of 1915 to him are conclusive evidence of the delivery and acceptance of the deed recorded in 1912 as of a date which would make the deed first referred to a valid conveyance, and that the deed of 1915 was *prima facie* evidence of the delivery of the deed recorded in 1912 as of a date which would make the deed of 1915 valid.

Unquestionably, if the father recognized the deed recorded in 1912 as valid by conduct or by express recognition, it may be found in legal effect to have been delivered and accepted after the date of its record. The effect of the acceptance of the deed of 1915 by the son to the father was considered by the judge. It was not conclusive evidence of delivery and acceptance of the deed recorded in 1912. Acceptance of the conveyance of the whole or a qualified interest in the property was evidence proper for consideration on that question. *Creeden* v. *Mahoney,* 193 Mass. 402. *Gould* v. *Day,* 94 U. S. 405. *Wiley* v. *London & Lancashire Fire Ins. Co.* 89 Conn. 35. The purpose and effect of the transaction, however, were still open for determination. *Draper* v. *Brown,* 153 Mich. 120. It did not on this record import such recognition of the deed recorded in 1912 as to compel a finding of its delivery and acceptance as was required in *Creeden* v. *Mahoney, supra.* See also *Blackwell* v. *Blackwell,* 196 Mass. 186. It had no hard and fast effect.

If the requested ruling that the acceptance of the deed of 1915 was *prima facie* evidence of delivery and acceptance of the deed from the father recorded in 1912 means that it was such evidence as would justify a finding of delivery and acceptance, it was properly refused. The judge was not obliged to rule as to the effect of part only of the evidence. *Barker* v. *United States Fidelity & Guaranty Co.* 228 Mass. 421. In fact he did consider the effect of the acceptance of the deed of 1915. This was all that he was required to do.

If the ruling used the words "*prima facie* evidence" as meaning that in the absence of other evidence a finding in accordance with the request must be made, it was properly refused for reasons already stated. See *Wakefield* v. *American Surety Co. of New York,* 209 Mass. 173, 176; *Chandler* v. *Prince,* 217 Mass. 451, 454; Wigmore on Ev. § 2494.

The only other exception on which the petitioner relies is to the admission of the evidence as to declarations of Dennis Murphy made shortly before his death. This exception is based expressly on the omission of the judge to make a finding that the declaration was made in good faith on the part of the declarant and of his own personal knowledge. It is well settled that such judicial action is inferable from the reception of the evidence, unless the exceptions taken show that no such finding was or could have been made. *Horan* v. *Boston Elevated Railway*, 237 Mass. 245, and cases cited. In *Hasey* v. *Boston*, 228 Mass. 516, relied upon by the petitioner, it was apparent that no such inquiry or determination could have taken place. The evidence was admitted properly.

*Exceptions overruled.*