## Koons et al. v. Koons et al.

*Will—Gift of contents of box—Deed for ground rents.*

1. A gift of the contents of a box in a bank does not include deeds for ground rents contained in the box.

2. A deed is not property in itself, but merely evidence of title; the property itself is situated elsewhere, and, therefore, cannot be included amongst the "contents" of a safe deposit-box merely because a deed therefor is contained therein.

Bill in equity. C. P. No. 4, Phila. Co., Sept. T., 1927, No. 17265.

*Jay R. Grier,* for all parties in interest.

BROWN, JR., J., April 25, 1928.—The question in this case is whether certain ground rents owned by Charles B. Koons at the time of his death pass under the following clause of his will: "Item. I give and bequeath the contents of Box in Germantown National Bank, Key No. 1433, to go to my brother, Francis B. Koons." Among the "contents" of this box were the deeds for the ground rents.

Koons et al. *v.* Koons et al.

As in most cases where the construction of a will is involved, the controlling principle is the intention of the testator as it may be gathered from the language which he used. Thus, if he makes a gift of a deed in express terms, or if his intent is otherwise clearly expressed that "contents" of a safe deposit-box include a deed to land or ground rent, as the case may be, then title would pass, providing, of course, that he makes it clear that by the gift of the deed he intends to devise such real property. The mere use of the word "contents," without more, is not sufficient.

A deed is not property in itself, but merely evidence of title. The property itself is situated elsewhere, and, therefore, cannot be deemed to be included amongst the "contents" of a safe deposit-box merely because a deed therefor is contained therein. It has been so held, even though an undelivered deed was executed by the testator in favor of one to whom the "contents" of a box were given: Parrott *v.* Avery, 159 Mass. 594; 1 Page on Wills, § 855; 40 Cyc., 1552.

Deeds have been said to be but "the accessories to the title to the land." They do not pass by such a gift, but go as part of the real property to the persons entitled thereto: Re Robson (1891), 2 Ch. 559; Re Craven, 90 L. T. 390, 100 L. T. 284; 2 Jarmon on Wills, 1087.

In our opinion, therefore, the ground rents do not pass under the clause of the will first quoted above to the complainants, but under the residuary clause to the defendants. A decree *nisi* will be entered dismissing the bill.