FRANK L. REED *vs*. THE HOME INSURANCE COMPANY.

Hampden.    September 17, 1936. — October 28, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Insurance*, Fire: insurable interest.    *Deed*, Delivery, Recording, As security.    *Bona Fide Purchaser*.

It was for the jury to determine, on the evidence at the trial of an action on a policy of fire insurance, whether a quitclaim deed of the insured premises by the plaintiff, antedating the policy and returned to him after being duly recorded, was an absolute conveyance and was delivered to the grantee, leaving the plaintiff without an insurable interest, or was given only as security for a debt, leaving him an insurable interest whether it was or was not delivered; G. L. (Ter. Ed.) c. 183, § 5, was inapplicable on the issue of delivery.

CONTRACT.    Writ in the Superior Court dated September 8, 1932.

The action was tried before *T. J. Hammond*, **J.**, who denied a motion that a verdict be ordered for the defendant and ordered a verdict for the plaintiff, which was returned in the sum of $2,300.    The defendant alleged exceptions.

The case was submitted on briefs.

*I. R. Shaw & J. M. Carroll*, for the defendant.

*J. A. Furey*, for the plaintiff.

PIERCE, J.    This is an action of contract to recover, under a renewal fire insurance policy issued to the plaintiff by the defendant on November 28, 1931, a loss caused by the burning on May 6, 1932, of the building covered by said policy.

On October 22, 1931, the plaintiff was the record title owner of certain real estate with the buildings thereon, which were subsequently insured by the defendant on November 28, 1931, and destroyed by fire on May 6, 1932. On October 22, 1931, the plaintiff executed a quitclaim deed of said premises to one Sylvia Peterson and on the following day this deed was recorded in the Hampden County registry of deeds.    In July, 1930, and January,

1931, the plaintiff had borrowed from Sylvia Peterson sums totalling $200. The plaintiff testified that he executed the deed and caused his wife to release her dower rights; that he sent the deed to the registry of deeds; that the recorded deed was returned to him; that the defendant issued a fire insurance policy to him covering the premises conveyed; that in May, 1932, the premises insured were destroyed by fire; that he executed a proof of loss, so called, and sent it to the defendant; and that the record title was not in his name at the time of the fire or at the time of the execution of the proof of loss.·

Sylvia Peterson testified that in July, 1930, and in January, 1931, she lent the plaintiff sums aggregating $200; that she never saw or had possession of the quitclaim deed in which she is named as grantee; that she did not know the deed had been made out; that she did know that "some paper had been made out"; that she had requested from the plaintiff a security for the loan; that she and the plaintiff "talked about it off and on after he borrowed the money from . . . [her] and finally he put it in some paper"; that she did receive word "that some paper had been made out as a security"; that the plaintiff told her that he had executed some paper as a security and that he had "put some paper into . . . [her] name, or put the property into . . . [her] name"; and that she said she wanted this done as a security for her debt.

The insurance policy was an exhibit and is incorporated by reference in the bill of exceptions. The policy contains the provision that "This policy shall be void if . . . without the assent in writing or in print of the company . . . the said property shall be sold, or this policy assigned . . . ."

At the close of the evidence for the plaintiff, the defendant filed a motion for a directed verdict. The judge denied the motion and the defendant duly excepted. The plaintiff then filed a motion for a directed verdict. The motion was allowed and the defendant duly excepted. Subject to the defendant's exception the judge ruled as follows: "I rule as a matter of law on the evidence in the case there is no evidence here of the delivery of the deed, although the

deed was in fact signed, sealed, acknowledged and sent to the registry of deeds, and was duly recorded. I rule that on the evidence presented here that did not constitute a delivery; that the provision of chapter 183, section 5 [G. L. (Ter. Ed.) c. 183, § 5], did not control the situation in this case. . . . I rule as a matter of law there has been no sale of this property and that the provision of the policy of insurance has not been broken."

It is plain there is no evidence reported which would warrant the jury in finding that the property insured was sold or that the policy was assigned when it was issued on November 28, 1931. The testimony of the plaintiff, that on October 22, 1931, he executed a quitclaim deed (to Sylvia Peterson) and caused his wife to release her dower rights, that he caused his attorney to send the deed to the Hampden County registry of deeds and that at a later time the deed was returned to him, is consistent, on the testimony of Sylvia Peterson, the grantee named, with an absolute transfer of the property to said grantee or with an intent to transfer a mere mortgage interest as security for the loans described in said Peterson's testimony. In either situation an actual or constructive delivery of the deed was required to divest the plaintiff of his title to the premises and destroy his insurable interest in the property. Delivery is ordinarily a question of fact to be considered by the jury. *Maynard* v. *Maynard,* 10 Mass. 456. *Mills* v. *Gore,* 20 Pick. 28. *Murphy* v. *Hanright,* 238 Mass. 200, 205. G. L. (Ter. Ed.) c. 183, § 5, reads: "The record of a deed, lease, power of attorney or other instrument, duly acknowledged . . . purporting to affect the title to land, shall be conclusive evidence of the delivery of such instrument, in favor of purchasers for value without notice claiming thereunder." In the instant case there is no testimony to warrant the jury in finding that the grantee was a purchaser for value. She makes no claim other than that the quitclaim deed was executed by the plaintiff without a defeasance to secure the loans made by her and as such was held for her. As between the plaintiff and the defendant the rights of the parties under the contract of insurance are to be settled according to the relations

which were in fact created between the parties to the conveyance, although a defeasance was never recorded or the deed in fact delivered. *Walsh* v. *Fire Association of Philadelphia*, 127 Mass. 383, 385. It is obvious that the defendant insurance company was not a purchaser for value of the land described in the quitclaim deed and that it did not claim under such a purchaser. It is equally plain that the quitclaim deed, if it was not delivered to the named grantee or if it was delivered to the grantee in fact or constructively as security for loans made, left the plaintiff with an insurable interest in the land at the time the policy was issued, which continued until the premises were destroyed by fire. *Walsh* v. *Fire Association of Philadelphia*, 127 Mass. 383.

The defendant, however, contends that on the evidence the jury could have found warrantably that the grantee was informed of the execution of the quitclaim deed, that the plaintiff held it for her, and that she accepted the conveyance as an instrument which she had requested. The defendant further contends that whether the deed was an absolute conveyance or a conveyance as security, without a defeasance, was a question of fact for the jury. *Morrison* v. *Boston Ins. Co.* 234 Mass. 453. *Warner* v. *Fuller*, 245 Mass. 520. We think the jury could have disbelieved the testimony as to the loans and as to the nondelivery of the deed, and found a conveyance of an absolute legal title and a delivery of the instrument of conveyance.

*Exceptions sustained.*