PHILIP J. REARDON & others *vs.* ANN C. REARDON & another.

Essex.    November 6, 1914. — December 31, 1914.

Present: RUGG, C. J., LORING, BRALEY, SHELDON, DE COURCY, CROSBY, & PIERCE, JJ.

*Equity Jurisdiction,* To compel reconveyance of property obtained by undue influence. *Trust,* Oral. *Husband and Wife. Practice, Civil,* Amendment. *Supreme Judicial Court,* Amendment.

Where the father of five children in anticipation of his death, which occurred soon after, conveyed through a third person to his wife certain real estate absolutely, subject to an oral agreement, made between him and his wife and all their children, that his wife upon her death should cause the real estate to be divided among the children in equal shares, and where the wife accepted this oral trust and intended to perform it faithfully, but nine years after her husband's death, having become ill and weak of will, she was induced by the fraud and undue influence of one of her children to convey the whole of the property to that child, the other children may maintain a suit in equity against the child who exerted this undue domination to compel a reconveyance of the property to the mother to hold upon the original oral trust; and there is nothing in the circumstance that the original trust was between a husband and wife that affords any defense to the fraudulent child.

In a suit in equity reported, for determination by this court, by a judge of the Superior Court upon an order made by him sustaining a demurrer to the bill, where the plaintiff asked leave of this court under St. 1913, c. 716, § 3, to amend his bill by inserting a certain allegation, the leave was granted by the court and the case was considered on that footing.

BILL IN EQUITY, filed in the Superior Court on May 26, 1914, by four of the five children of Jeremiah Reardon, deceased, against Ann C. Reardon, the widow of Jeremiah, and Anastasia D. Reardon, who was a daughter of Jeremiah and Ann and a sister of the plaintiffs, containing the allegations described in the opinion, and praying that the real estate there mentioned, which was

conveyed by Jeremiah to the defendant Ann, be declared to have been held by her upon a trust created by an oral agreement between Jeremiah, now deceased, and the plaintiffs and the defendants, and now to be held subject to that trust by the defendant Anastasia, to whom it was conveyed by the defendant Ann as stated in the opinion, and for further relief.

The defendant Anastasia demurred to the bill.

The case was heard upon the demurrer by *Morton,* J., who sustained the demurrer, and reported the case under R. L. c. 159, § 27, for determination by this court, with a stipulation of the parties that, if the order sustaining the demurrer was right, the bill was to be dismissed with costs; and that, if that order was erroneous, the defendants were to answer over.

The case was argued at the bar in November, 1914, before *Rugg,* C. J., *Hammond, Sheldon, De Courcy, & Crosby,* JJ., and afterwards was submitted on briefs to all the justices then constituting the court.

*G. Newhall, (J. M. Harney* with him,) for the plaintiffs.

*E. S. Underwood,* for the defendants.

RUGG, C. J. The plaintiffs are four of the children and the defendants are the widow and a daughter of Jeremiah Reardon, deceased. Collectively they constitute all his heirs. The parties to the bill other than the widow, Ann C. Reardon, also constitute all her heirs apparent. The material allegations of the bill are that Jeremiah, having made a will in substance devising the use of his real estate to his wife during her life and on her death in equal shares to his children, was importuned by the wife to transfer the same to her absolutely upon her representation and promise that in the event of such conveyance she would on her death cause it to be divided among their children in equal shares; and that, in accordance with an oral agreement between Jeremiah and all the parties hereto, such conveyance was made, the grantor relying upon the assurance of Ann and the trust and confidence which he reposed in her; and that, for a time after the decease of Jeremiah, Ann acknowledged the obligations thus resting upon her and intended in general to carry them out; but later, being ill and weak of will, through the fraud and undue influence of the other defendant, Anastasia, the widow has been induced to make in violation of this promise a conveyance of the real estate to the other

defendant in fee. Jeremiah died on June 20, 1905, and the deed from Ann to Anastasia is dated May 20, 1914. The plaintiffs ask leave to amend their bill by inserting an allegation to the effect that the conveyance by Jeremiah to his wife was made in anticipation of his death, which occurred soon after. Leave is granted to make this amendment, St. 1913, c. 716, § 3, and the case is considered on that footing. There is nothing on this record to show that Ann has appeared or contests the suit, nor has the bill been taken *pro confesso* against her. The case is reported by a judge of the Superior Court on his ruling that a demurrer filed by Anastasia be sustained. That is the only matter now before us.

The case set forth in the bill is that of a grant of land by Jeremiah to Ann upon an oral trust and agreement to hold for her own benefit during her life and to see that upon her death title should vest in their children, a recognition by Ann of the existence of this oral trust and willingness and intent on her part to execute it according to its terms, and on the part of Anastasia, (she well knowing all these facts and the trust, and having been a party to the initial oral agreement between Jeremiah and Ann and all her brothers and sisters,) the exercise of fraud and undue influence over her mother, then too weak of will and infirm of mind to adhere to her design of executing the trust, whereby Ann has been induced to abjure the oral trust and in violation thereof Anastasia has become possessed without consideration of the record title to the fee of the land.

The question is whether these facts constitute a ground for equitable relief against Anastasia. On the allegations of the bill Ann was always ready and willing to execute the trust, until she was overpowered by the fraud of Anastasia. *Twomey* v. *Crowley*, 137 Mass. 184. Ann no longer holds the title to the land. So far as concerns the record, that title has vested in Anastasia. Relief, if any is to be afforded, must run against Anastasia as the holder of the title. It does not lie in her mouth to object that her mother was not obliged legally to do that which she was bound morally to do, and that hence she herself is to hold that which she has gained by fraud. The mother on the allegations of the bill was ever ready to keep her word and discharge her trust. The fraudulent influence of Anastasia alone has prevented her from doing

so. Anastasia, having known about the mother's purpose and having been a party at the first to the oral trust agreement, cannot in equity hold the fruits of such conduct. She has secured by fraudulent influence possession of and the record title to property which she knew in good conscience belonged to somebody else. Equity will not permit her to retain property thus acquired by a fraud on the rights of the plaintiffs. It will relieve against such a fraud and intercept the legal title in the hands of Anastasia and at least compel her to reconvey it to Ann who on the allegations of the bill always has been ready if left to herself to hold it subject to the trusts and uses for which it was intended by Jeremiah. The statute of frauds is no shield to Anastasia. *Wall* v. *Hickey,* 112 Mass. 171. *Moore* v. *Crawford,* 130 U. S. 122, 129. Equity will strip a person of property obtained by such fraud.

There is nothing in the circumstance that the original trust was between a husband and wife which affords any protection to the defendant Anastasia.

It follows that the order sustaining the demurrer was erroneous. When the plaintiffs shall have filed an amendment to the bill in effect alleging that the conveyance by Jeremiah to Ann was made in anticipation of his death, which occurred soon after, then, in accordance with the terms of the report, the demurrer is to be overruled and the defendants are to answer over.

*So ordered.*