LABAN P. SMITH, administrator, *vs.* HARRIET B. THAYER.

Bristol.    October 26, 1919. — November 28, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Deed,* Validity, Delivery. *Statute of Wills.* *Agency,* Existence of relation.

A woman who owned two parcels of land had her sister's son, an attorney at law, prepare a deed of the two parcels naming her sister as the grantee, which she executed and acknowledged and delivered to the sister with instructions not to record it until after her, the grantor's, death. Later she took the deed from her sister and delivered it to the sister's son with instructions after her death to record it and deliver it to his mother. No money consideration was paid for the deed. No fraud nor undue influence was exerted upon the grantor. At a subsequent date, she sold one of the parcels of land, after asking her sister if she would prevent her, invested a part of the proceeds of the sale and placed the remainder in a bank. In making the sale she told the purchaser that she owned the property she was selling and asked him to procure a purchaser of the other parcel, and later she attempted to sell the second parcel to a tenant then occupying it. She collected the rent on the remaining parcel and paid the taxes

and mortgage interest thereon.  She died intestate without issue leaving property, including the second parcel, worth less than $5,000.  Her husband, the administrator of the estate, brought a suit in equity to have the deed to the sister cancelled and discharged.  *Held,* that a finding was warranted that the transaction was an attempt to make a testamentary disposition of the property and that it was invalid as a violation of the statute of wills.

In the above suit it further was *held* that the delivery to the son of the grantee was not a delivery which passed title to the grantee, because the son was acting as the attorney of the grantor in the transaction.

BILL IN EQUITY, filed in the Superior Court on August 2, 1918, seeking the cancellation of the deed, described in the opinion, from the plaintiff's wife to the defendant, and that the defendant be " ordered to convey to the " plaintiff the property on Pine Street in Attleborough, one of the parcels described therein.

In the Superior Court the suit was heard by *Cox,* J.  Material facts found by the judge are described in the opinion.  By order of the judge a final decree was entered ordering that the deed from the plaintiff's wife to the defendant "be discharged and cancelled as of record," and that the defendant execute and deliver to the plaintiff "a good and sufficient deed free from all incumbrances made or suffered by the" defendant of the property on Pine Street.  The defendant appealed.

The case was submitted on briefs.

*A. Fuller & E. F. Thayer,* for the defendant.

*E. S. White & A. R. White,* for the plaintiff.

CARROLL, J.  Eliza W. Smith, wife of the plaintiff and sister of the defendant, died January 16, 1918.  She was the owner of two parcels of land, one on Steere Street and the other on Pine Street, Attleborough.  In March, 1915, Mrs. Smith made a deed, to the defendant of the two parcels, which was drawn by her nephew (the defendant's son), an attorney at law.  In April or May of that year she delivered the deed to the defendant with instructions not to record it until after the grantor's death.  Some time later, in the winter of 1915–1916, she took the deed from the defendant and gave it to her nephew with instructions to record it and deliver it to his mother after the grantor's death.  It was found that no money consideration was paid, that the plaintiff was of sound mind, and that no fraud nor undue influence was practised on her by the defendant or her nephew.  Mrs. Smith died intestate, without issue, her entire estate including the real

estate here in question was less than $5,000 in value. The plaintiff is the administrator of her estate, it does not appear that there are any debts of the estate unpaid.

In April, 1916, Mrs. Smith conveyed the Steere Street property to one Goodwin. Before doing so she asked the defendant if she would prevent her from conveying this parcel and the defendant replied that she would not. With a part of the proceeds of this sale Mrs. Smith bought a bond and deposited the remainder of the purchase money in the bank. After the deed was drawn she continued to collect the rent and to pay the taxes and interest due on the mortgage. When the Steere Street estate was conveyed to Goodwin Mrs. Smith stated that the property was owned by her, and requested him to secure a purchaser for the Pine Street tract, and subsequent to this conveyance in the year 1916, she endeavored to sell the Pine Street property to a tenant occupying the same. The judge found that Mrs. Smith attempted to make a testamentary disposition of the property; a decree was entered that the deed from Mrs. Smith to the defendant be discharged and cancelled and the defendant was ordered to execute and deliver to the plaintiff a good and sufficient deed to the Pine Street property.

If there was no intent to pass the title when the deed was given to the defendant, and Mrs. Smith remained the owner of the property with no present interest in the defendant and the title was not to vest in her until the grantor's death, then the transaction was an attempt to make a testamentary disposition of the property and was in violation of the statute of wills. *Tewksbury* v. *Tewksbury,* 222 Mass. 595, and cases cited. *Hale* v. *Joslin,* 134 Mass. 310.

Some of the facts found by the judge, especially Mrs. Smith's purpose in making the conveyance as shown by her conversation with her nephew, her desire to place the deed in a secure place when she received it from her sister, and her inquiry whether the defendant would prevent her from selling the Steere Street property, tend to show that the delivery of the deed to the defendant was for the purpose of making a present conveyance of the title. But it was found that the deed was returned to Mrs. Smith without objection by the defendant; that Mrs. Smith subsequently sold and conveyed one of the tracts of land, appropriating the proceeds of the sale to her own use; that she received the rents,

paid the taxes and interest, and after the deed in question was made, declared that both parcels described in the deed belonged to her.  On these facts the court had the right to find that the delivery of the deed was an attempt to make a testamentary disposition of the property and we cannot say that this finding was wrong as matter of law.  *Tewksbury* v. *Tewksbury, supra.*  See *Duryea* v. *Harvey,* 183 Mass. 429; *Parrott* v. *Avery,* 159 Mass. 594; *Scrivens* v. *North Eastern Savings Bank,* 166 Mass. 255.

The delivery of the deed to the defendant's son was not a delivery which passed the title to the defendant.  The defendant's son was Mrs. Smith's attorney and the deed belonged to her while in his possession.

No question is raised as to the form of the decree.

*Decree affirmed without costs.*