JOHN LANDRY *vs.* OVILA J. LANDRY.

Essex.    October 22, 1928. — November 28, 1928.

Present: CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Equity Jurisdiction,* To remove cloud from title. *Deed,* Escrow, Recording, Validity, Revocation.

A judge, who heard a suit in equity for the removal of a cloud upon the title to land of the plaintiff, found without a report of the evidence that the plaintiff, on advice of a notary public and with the intention of making a "conveyance of said premises, so that he might retain the control and management and income thereof during his life and 'it would go' to his son, the defendant, upon his death," executed and acknowledged a deed to the defendant and gave it to the notary with instructions to keep it in his safe and deliver it to the defendant only upon the plaintiff's death. Coincidently the defendant was informed of the execution of this deed and the terms of the escrow. The notary, without knowledge of the plaintiff and without instructions from him, recorded the deed, giving to the register of deeds no instructions as to mailing the deed after its record was perfected. The register of deeds mailed it to the defendant. The plaintiff did not learn of the recording and delivery for over two years. He then brought this suit. A decree for the plaintiff was entered and the defendant appealed. *Held,* that

(1) The unauthorized recording of the deed by the notary vested no right in the defendant;

(2) The transaction was an attempt to make a testamentary disposition of the real estate, was in violation of the statute of wills, and could be revoked by the grantor at any time;

(3) The deed constituted a cloud upon the plaintiff's title which he was entitled to have removed.

BILL IN EQUITY, filed in the Superior Court on September 16, 1927, and described in the opinion.

The suit was heard by *Brown,* J., and the final decree described in the opinion was entered. The defendant appealed.

The case was submitted on briefs.

*M. H. Shaffer*, for the defendant.

*H. A. Bowen, H. I. Berman, & J. M. Fogarty*, for the plaintiff.

CROSBY, J.   This is an appeal from a final decree entered, in favor of the plaintiff, on a bill for the cancellation of a deed as constituting a cloud upon the plaintiff's title.   The case was heard by a judge of the Superior Court who made the following findings of fact, rulings, and order for a decree: "On May 7, 1925, the plaintiff was the owner of premises described in paragraph 3 of this bill.   Shortly before this date he consulted one St. Laurent, an undertaker and notary public, concerning the conveyance of said premises, so that he might retain the control and management and income thereof during his life and 'it would go' to his son, the defendant, upon his death.   In consequence of St. Laurent's advice the plaintiff on May 5, 1925, executed and on May 25, 1925, acknowledged the deed (exhibit 2) with quitclaim covenants to the defendant, which he instructed St. Laurent to keep in his safe and deliver to the defendant only upon the plaintiff's death.   Coincidently the defendant was informed of the execution of this deed and the terms of the escrow. On the following day unknown to the plaintiff and without instructions so to do, St. Laurent presented the deed at the registry of deeds for record but without giving mailing instructions.   In due time the deed was mailed by the register of deeds to the defendant grantee, who retained the deed without notice to or knowledge of the plaintiff until July, 1927, when, disputes having arisen between the parties, the defendant attempted to assert the rights of an owner under the conveyance in question, whereupon the plaintiff brought the present bill. . . . Let a decree enter adjudicating the deed now recorded in Essex south district registry of deeds, book 2369, page 575, a cloud on plaintiff's title thereto, ordering the same be cancelled, and further ordering the defendant to execute and deliver to the plaintiff a conveyance of the same, with quitclaim covenants."

The evidence is not reported.   The findings made, not

being mutually inconsistent or plainly wrong, must stand. It appears from these findings that the plaintiff did not intend that the deed should be delivered or that the title should pass during his lifetime, nor that the defendant should have any present interest in the deed. He intended the dominion and control of it to remain in himself. His instructions to St. Laurent to keep it in his safe and deliver it to the defendant only upon the plaintiff's death clearly indicate that during his lifetime he did not intend that it should be delivered to the defendant. The facts that on the day following the execution of the deed, St. Laurent, unknown to the plaintiff and without instructions to do so, presented the deed at the registry of deeds for record without giving mailing directions, and it was thereafter mailed by the register to the defendant, who retained it for a period of more than two years, unknown to the plaintiff, in no way impaired the plaintiff's title. The unauthorized recording of the deed by St. Laurent vested no right in the defendant. *Barnes* v. *Barnes,* 161 Mass. 381, 383. *Murphy* v. *Hanright,* 238 Mass. 200, 204.

It was said by W. Allen, J., in *Hale* v. *Joslin,* 134 Mass. 310, at page 312 (a case in which a similar question was presented), "It [the deed] was in the hands of Whitney as a depositary for the grantor, and not as agent or trustee for the grantee." The findings of the trial judge showed that there was no effectual or valid delivery of the deed to the defendant, and no intention of passing a present interest in it by the plaintiff, and that the title was not to vest in the defendant until the grantor's death. It follows that the transaction was an attempt to make a testamentary disposition of the real estate and was in violation of the statute of wills. G. L. c. 191. *Hale* v. *Joslin, supra. Tewksbury* v. *Tewksbury,* 222 Mass. 595. *Smith* v. *Thayer,* 234 Mass. 214. See also *Wheelwright* v. *Wheelwright,* 2 Mass. 447, 452; *O'Kelly* v. *O'Kelly,* 8 Met. 436; *Daggett* v. *Daggett,* 143 Mass. 516.

The making and delivery of the deed to St. Laurent were in the nature of a testamentary act; such act could be re-

voked by the grantor at any time, *Hale* v. *Joslin, supra,* and was so revoked by the bringing of the present bill. The findings of the court show that the deed constituted a cloud upon the plaintiff's title which he was entitled to have removed.

*Decree affirmed with costs.*