JOHN J. O'LOUGHLIN, guardian, *vs.* ALICE G. PRENDERGAST
& others.

Berkshire.    May 17, 1929. — October 4, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Deed*, Validity.   *Wills, Statute of.*   *Trust*, Validity.

A woman owning real estate executed a deed thereof to a daughter who
was one of several children and delivered it to her.  The daughter
"expressed dissatisfaction at such transfer, stating, in her opinion, it
wouldn't be right, and that if she did accept such transfer she should
divide the property equally between her brothers and sister"; and,
later, she executed a declaration of trust as to such real estate having
the same date as the mother's deed and referred to the mother's deed
as conveying the real estate to her "in trust" to "hold for and during
the term of ten years from the date hereto unless it shall seem wise
and expedient to sooner exercise the powers and effectuate the pur-
poses hereinafter mentioned," to collect the rents and profits, pay
taxes, insurance and repairs, and to use the balance in reduction of
mortgages or other encumbrances, and "at the end of said ten years
period, unless circumstances and conditions shall warrant an earlier
distribution" to make certain distributions; there were also provisions
giving the daughter very wide discretion as to times and methods of
distributions and expressly stipulating that no one should have a right
to compel distribution at any time previous to the expiration of the ten
years.  A judge of probate, hearing a petition by the guardian of a
minor grandson, who was one of the next of kin of the original grantor,
to have the original deed declared invalid and an interest in the land
established in the grandson as next of kin, found that the deed con-
veyed to the daughter a present vested interest and divested the mother
of her ownership and control and that the deed was valid.  The evidence
was reported under G. L. c. 215, § 18.  *Held*, that

(1) The execution of the instruments did not constitute as a matter
of law a testamentary disposition by the original grantor;

(2) A finding by the judge of probate, that the original deed was
"duly and properly executed and delivered," was warranted by the
evidence and was not inconsistent with the other findings;

(3) Facts, found by the judge, that the deed was not recorded
until after the death of the grantor, that she "managed the property
and received the rents up to the time of her death," and that insurance
on property described in the deed was renewed in the name of the
grantor or of her estate after her death, were not necessarily incon-
sistent with the existence, at the time the deed was executed and
handed to the daughter, of an intention on the part of the grantor to
make a present conveyance;

(4) The existence of an intention on the part of the daughter to share the property conveyed to her by the grantor with other members of her family by declaring a trust for that purpose, and the communication of that intention to the grantor were not inconsistent with the existence of an intention on the part of the grantor to make an absolute gift and would not prevent effective acceptance of the deed;

(5) Although recitals in the deed were evidence that the declaration of trust was to be construed in connection with the deed as in effect constituting one transaction by which the mother attempted to create a trust, upon the whole evidence the judge of probate could not be said to have been wrong in finding that the declaration was "voluntary" on the part of the daughter with the consequence that she, and not the mother, was the creator of the trust;

(6) The documents and facts did not require as a matter of law the conclusion that the conveyance from the mother to the respondent daughter was made on an oral trust which, even if not enforceable, destroyed the voluntary character of the written declaration of trust made by the respondent daughter;

(7) The deed of the mother having been determined to have been valid and to have conveyed an absolute interest, it was not necessary to consider whether the declaration of trust was invalid for any reason;

(8) The petition properly was dismissed.

PETITION, filed in the Probate Court for the county of Berkshire on January 10, 1928, by the guardian of John Howard O'Loughlin, a minor and one of the next of kin of Delia Ferry, late of Pittsfield. The petition is described in the opinion.

The petition was heard by *Robinson, J.*, a stenographer having been appointed under G. L. c. 215, § 18. Material facts found by him are stated in the opinion. By his order a decree was entered dismissing the petition. The petitioner appealed.

The case was submitted on briefs.

*W. A. Heaphy*, for the petitioner.

*J. Fallon*, for the respondent Alice G. Prendergast, & *C. H. Wright*, for the respondents Alfred J. Ferry & another.

FIELD, J. The petitioner is the guardian of John Howard O'Loughlin, a minor grandson and one of the heirs at law and next of kin of Delia Ferry, who died intestate February 22, 1919. He seeks by this petition in equity in the Probate Court to establish the right of his ward to certain real estate

which was owned by said Delia Ferry prior to October 19, 1918. A decree was entered therein that "it appearing to the court that Delia Ferry named in said petition on the 19th day of October, 1918, conveyed to her daughter Alice G. Ferry, now Alice G. Prendergast, all of her real estate by warranty deed, conveying thereby a present interest free from the control of the grantor," and "that on the same day said Alice G. Ferry, now Prendergast, executed a declaration of trust, which declaration created a valid trust . . . said petition . . . is hereby dismissed." The petitioner appealed. The judge of probate reported the "material facts found by him." G. L. c. 215, § 11. The evidence was taken by a stenographer and, so far as it is considered material by the parties, is before us.

It is undisputed that the decedent Delia Ferry on October 19, 1918, executed a warranty deed of all her real estate in Pittsfield to her daughter, now Alice G. Prendergast, herein referred to as the respondent, and that on the same day the respondent executed a declaration of trust of said real estate. The petitioner contends, however, that these instruments were ineffective to dispose of this real estate, and that it passed as intestate property to the heirs at law of said Delia Ferry, including her grandson, the petitioner's ward, for the reasons (a) that the execution of these instruments constitutes "as a matter of law the testamentary disposition of Delia Ferry which testamentary disposition is not executed and consummated in the manner and form provided by the statute of wills, and that the said instruments are therefore void," and (b) that, even if the instruments are not testamentary in character, "the declaration of trust is vague, indefinite, uncertain as to beneficiaries, ambiguous and contradictory on its face and is of such a character that it is not such a trust as can be enforced in the court of equity and is therefore void . . . ."

The trial judge found, among others, the following facts: "Delia Ferry, . . . on the 19th day of October, 1918, conveyed by warranty deed to her daughter, Alice G. Ferry, now Prendergast, . . . all of her real estate situated in said Pittsfield . . . . Said deed was duly and properly executed

and delivered. The grantor at the time of its execution, handed said instrument to the grantee with a statement that it was now the property of the grantee and she could do as she pleased with it. Said Alice G. Ferry . . . executed a voluntary declaration of trust shortly thereafter . . . . The insurance policies on the buildings, which expired the following December, were renewed in the name of Delia Ferry . . . . The policies expiring during the years 1919, 1922 and 1923 were renewed in the name of Delia Ferry estate. The said warranty deed was recorded April 3, 1919. Said Delia Ferry died on the 22nd day of February, 1919, at the age of sixty-seven years . . . . On the afternoon or evening of the execution of the deed she sent for James Fallon, of said Pittsfield, attorney at law, and conferred with him, relative to the disposition of all of her real estate, at which conference she spoke of turning the property over to her daughter, Alice, two of her sons being in financial difficulties at the time . . . . Mr. Fallon told her she must make the delivery of the deed. She . . . handed said deed to said daughter, Alice, with these words, 'Alice, here is your deed. Do what you like with it.' Prior to the transfer there was a conference between the grantor, Delia, and the grantee, Alice, in which the grantor said that she was going to turn everything over to the grantee. The grantee expressed dissatisfaction at such transfer, stating, in her opinion, it wouldn't be right, and that if she did accept such transfer she should divide the property equally between her brothers and sister. The grantor expressed satisfaction with such disposition of property, but the grantor did object to a grandchild, the ward in question, receiving any part of the property . . . . The grantee stated that the boy . . . ought to have something, and it was finally settled that he should receive a gift of five hundred dollars ($500) at the time of the distribution under the declaration of trust. Said warranty deed conveyed a present, vested interest to the grantee and was a transfer by the grantor of her property which divested her, the said Delia Ferry, of her ownership and control. The grantee, Alice, took the deed at the time of its delivery, and

at some uncertain time subsequent to its execution, it came into the possession of Mr. Fallon, who had it recorded April 3, 1919. Delia Ferry, grantor, managed the property and received the rents up to the time of her death . . . . At the time of the execution of said warranty deed by said Delia Ferry, all of her children were present in the home, at her request. After the declaration of the trust was executed, all of the children read it and discussed it, and the instrument was then turned over to Mr. Fallon who retained it in his possession until it was recorded November 9, 1927. . . . Mr. Fallon read to said Delia Ferry the essential parts of the trust instrument."

In the declaration of trust dated October 19, 1918, the respondent referred to the deed of the real estate to her from her mother of the same date and acknowledged and declared "that said land was conveyed" to her "in trust" to "hold for and during the term of ten years from the date hereto unless it shall seem wise and expedient to sooner exercise the powers and effectuate the purposes hereinafter mentioned," to collect the rents and profits, pay taxes, insurance and repairs, and to use the balance in reduction of mortgages or other encumbrances, and "at the end of said ten years period, unless circumstances and conditions shall warrant an earlier distribution" to pay the sum of $500 to the petitioner's ward and to divide the remainder as therein provided, one fifth to the respondent, one fifth to her brother, Sylvester Ferry, if living at the time, one fifth to her brother "William Ferry, or to his issue in case he shall have deceased," one fifth in her "absolute discretion to convey or transfer either to the wife and children or to the wife or children of . . . [her] brother, John F. Ferry, or to . . . [her] said brother, John F. Ferry, personally, . . ." one fifth similarly to her brother, Alfred Ferry, his wife and children. The instrument further provided as follows: "If any of my said brothers shall die prior to the expiration of the said ten year period; or the discretionary period hereinafter mentioned, without leaving issue him surviving, I reserve the right, power and authority

to distribute the share or shares that my brother or brothers so dying would have taken if living, equally to those amongst whom, in my sound discretion, distribution will be made.   It is hereby understood and agreed that nothing herein contained shall enable any of my said brothers or the wives or children of my said brothers to anticipate or alienate his, her or their prospective shares or prospective title to said real estate or his, her or their prospective shares in the proceeds thereof in case the same shall be sold, as I hereby reserve the right, power and authority to refrain from making any conveyance or any payment to any of my brothers or to their wives or children who shall attempt to alienate, mortgage, pledge or by way of anticipation, contracting indebtedness, procuring advancements, alienating his, her or their prospective shares, title or interest in and to said real estate or in and to the proceeds thereof in case the same shall have been sold, or otherwise seek to encumber or try to thwart the objects and purposes of this trust and to nulify, negative or circumvent the absolute discretion by me herein reserved; it being my wish and intention to reserve and to exercise that full, complete and absolute discretion as to the time of distribution and as to the choice of distributees, which the said Delia Ferry conferred upon me by oral instructions at the time of giving to me the aforesaid absolute deed; including the right to make distribution or to execute conveyances at any time prior to the expiration of the said ten year period, that, in my discretion, shall be an opportune time to make such distribution or to execute such conveyance; but nothing herein contained is intended to grant to any person, persons or corporations the right to compel me to make distribution prior to said ten year period or to force me to make any choice of distributees; whereever herein such right of choice is reserved by me; it being the intention of the said Delia Ferry and it being also my intention that neither the bankruptcy or insolvency of any of my said brothers or their compromising with their creditors will in any way affect my choice of distributees or my choice of the time of making distribution."

The execution of the instruments did not constitute "as a matter of law the testamentary disposition of Delia Ferry," as the petitioner contends. Hence they are not void as in violation of the statute of wills. G. L. c. 191.

The deed from Delia Ferry to the respondent on its face was a present conveyance to her of the fee in the real estate described therein. The finding of the probate judge that it was "duly and properly executed and delivered" was warranted by the evidence and is not inconsistent with the other findings. Since this finding is not plainly wrong, it cannot be set aside. It is not disputed that the grantor executed the instrument, and that she handed it to the respondent. The judge clearly was not required by the evidence to adopt the view suggested by the petitioner that Delia Ferry then believed that she "did in fact make a will." There was evidence that she knew that the instrument was a deed, and that she intended that it should operate as a present conveyance of title. See *Tewksbury* v. *Tewksbury*, 222 Mass. 595, 597; *Smith* v. *Thayer*, 234 Mass. 214, 216. The statement, found upon sufficient evidence to have been made by the grantor to the grantee at the time she handed her the deed, tended to show such an intention. The facts, as found by him, that the deed was not recorded until after the death of the grantor, that she "managed the property and received the rents up to the time of her death," and that insurance on property described in the deed was renewed in the name of the grantor or of her estate after her death, were to be weighed with other facts. They were not necessarily inconsistent with the existence at the time Delia Ferry executed the deed and handed it to the respondent of an intention on the part of the grantor to make a present conveyance. Furthermore, if acceptance was necessary either as an element of delivery or as an additional step in the passing of title, (see *Hawkes* v. *Pike*, 105 Mass. 560, 562, *Meigs* v. *Dexter*, 172 Mass. 217, 218, *Adams* v. *Adams*, 21 Wall. 185, 192,) there was evidence that the deed was accepted by the grantee. The existence of an intention on her part to share with other members of her family by way of

a trust the property conveyed to her by the grantor and the communication of that intention to the grantor were not inconsistent with the existence of an intention on the part of the grantor to make an absolute gift and would not prevent effective acceptance of the deed under the rule stated in *Hawkes* v. *Pike, supra,* and relied upon by the petitioner, that a "deed of real estate . . . must be . . . actually or by implication accepted as his own by the grantee." It follows that the probate judge was justified in finding that the "warranty deed conveyed a present, vested interest to the grantee and was a transfer by the grantor of her property which divested her, the said Delia Ferry, of her ownership and control" unless the execution of the declaration of trust under the circumstances of this case was inconsistent with this finding.

The finding that the respondent "executed a voluntary declaration of trust" was not plainly wrong. The reference by the respondent in the instrument to the deed from her mother and the recital that the real estate "was conveyed" to her "in trust" tend to show that the declaration of trust is to be construed in connection with the deed as in effect constituting one transaction by which Delia Ferry attempted to create a trust. In view, however, of the reference in the declaration of trust to the "full, complete and absolute discretion" conferred on the respondent by Delia Ferry "by oral instructions" at the time "the aforesaid absolute deed" was given, and in view of the findings of the judge, based on and supported by oral testimony as to the circumstances under which it was given and the declaration of trust executed, we cannot say that the judge was wrong in finding that the declaration was "voluntary" on the part of the respondent daughter with the consequence that she, and not Delia Ferry, was the creator of the trust. This conclusion was warranted notwithstanding the conversation found to have taken place between Delia Ferry and the respondent in regard to the ultimate disposition of the property by the latter and notwithstanding the fact that "the essential parts of the trust instrument" were read to Delia Ferry. Nor do the documents and the facts found

require the conclusion that the conveyance from Delia Ferry to the respondent daughter was made on an oral trust which, even if not enforceable, destroyed the voluntary character of the written declaration of trust made by the respondent daughter. See *Reardon* v. *Reardon*, 219 Mass. 594; *S. C.* 225 Mass. 255; *Liberty Trust Co.* v. *Hayes*, 244 Mass. 251, 255; *Kemp* v. *Kemp*, 248 Mass. 354, 357–8. The execution of the declaration of trust, therefore, was not inconsistent with the finding that "a present, vested interest" was conveyed to the grantee and that the grantor divested herself of her "ownership and control." Such an absolute conveyance to the grantee of a present interest followed by a voluntary declaration of trust by her cannot constitute a testamentary disposition of property by the grantor.

Whether, if the trust had been created by Delia Ferry instead of by the respondent, it would have amounted to a testamentary disposition by Delia Ferry need not be decided. See *Jones* v. *Old Colony Trust Co.* 251 Mass. 309, and cases cited; *Roche* v. *Brickley*, 254 Mass. 584.

Since there was a present conveyance of title to the real estate by Delia Ferry to the respondent and the execution of the deed and of the declaration of trust did not constitute one transaction, such real estate did not pass as intestate property to the heirs of the grantor, including the ward of the petitioner, even if the declaration of trust was void. Hence a determination whether that declaration was valid is not required for the decision of this case.

It follows that the petition was dismissed properly.

*Decree affirmed.*