LILLIAN F. MURPHY *vs.* LENA SMITH.

Plymouth.   April 5, 1935. — May 14, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, LUMMUS, & QUA, JJ.

*Assignment.*

The mere handing over of an assignment by the assignor to the assignee did not constitute effective delivery thereof if neither party intended that any interest should presently pass to the assignee.

A finding that an assignment of the rent under a lease, although handed over to the assignee, was not intended by either the assignor or the assignee to constitute a present assignment or to affect the absolute ownership of the assignor should not be disturbed on all the evidence, including evidence that the assignor thereafter continued to collect and keep the rents.

BILL IN EQUITY, filed in the Superior Court on May 18, 1934.

The suit was heard by *Goldberg*, J.   Material evidence and findings by the judge are stated in the opinion.   By his order, a final decree dismissing the bill was entered.   The plaintiff appealed.   The evidence was reported.

*A. L. Doggett,* for the plaintiff.

*R. M. Goldstein,* (*J. Bearak* with him,) for the defendants.

LUMMUS, J.   This case involves the right of the plaintiff to the rents under a lease of real estate given by her father, John Smith, to third persons in 1919, and assigned under seal on May 1, 1920, by John Smith to the plaintiff, without consideration.   The validity of the assignment is denied by the defendant, the widow of the plaintiff's brother, who survived his father.

Smith handed the assignment to the plaintiff shortly after it was made, saying "You may need this sometime," and the plaintiff has held it ever since. But Smith continued to collect and keep the rents, and to pay the expenses, until he fell ill in 1925. Thereafter the plaintiff's husband acted as Smith's agent, depositing the rents in Smith's bank account until Smith died in 1926. After Smith's death, the plaintiff and her brother became executors of the will and equal devisees of the leased property. With the consent of the plaintiff, her husband continued to collect the rents and pay the expenses, dividing the net proceeds, one half to the plaintiff, and one half to her brother until the death of the latter in April, 1933, and thereafter to the defendant, until September, 1933, when the plaintiff for the first time claimed the whole under the assignment.

The trial judge found that neither Smith nor the plaintiff intended the assignment to constitute a present gift or assignment or to affect Smith's absolute ownership. He dismissed the plaintiff's bill with costs. The plaintiff appealed.

The assignment to the plaintiff could not become valid unless delivered. Delivery means more than physical transfer of possession. Where both parties lack the intention that any interest shall presently pass to the grantee or assignee named in the instrument, there is no effective delivery, though the instrument be handed over. *Joslin* v. *Goddard,* 187 Mass. 165. *Tewksbury* v. *Tewksbury,* 222 Mass. 595. See also *Wilson* v. *Jones,* 280 Mass. 488. The retention by Smith of the profits of the lease was not, it is true, inconsistent as matter of law with an earlier perfect assignment to the plaintiff. It might be explained as due to the sufferance of the plaintiff or to some oral reservation of a life interest. *O'Loughlin* v. *Prendergast,* 269 Mass. 41, 47. See also *O'Hara* v. *O'Hara, ante,* 75. But it was strong evidence that the intention, if not testamentary, was that Smith should retain full dominion until some undetermined future time. On that and other evidence reported, the conclusion of the judge was not contrary to law, inconsistent with subsidiary findings, or plainly wrong. *Smith*

v. *Thayer*, 234 Mass. 214. *Landry* v. *Landry*, 265 Mass. 265. On the contrary, his conclusion appears to us correct upon the reported evidence.

*Decree affirmed with costs.*