ANNA FRANKOWICH, trustee, *vs.* JOSEPH J. SZCZUKA &
others.

Suffolk.    February 3, 1947. — February 27, 1947.

Present: FIELD, C.J., QUA, RONAN, WILKINS, & SPALDING, JJ.

*Deed*, Delivery.

Upon evidence that a deed, executed by a trustee of real estate to a
mortgagee who then was in possession for the purpose of foreclosure,
and a deed from the mortgagee to the person who was trustee as an
individual were not intended to pass a present interest in the prop-
erty, were not recorded and were lost, findings were warranted that
the deeds never were delivered and gave no title to such individual,
and that, three years after the mortgagee's entry, the trustee's right
of redemption became forever foreclosed.

BILL IN EQUITY, filed in the Superior Court on April 8,
1941.

The case was heard by *Williams*, J.

*F. J. Bagocius*, for the plaintiff.

No argument nor brief for the defendants.

RONAN, J.    The plaintiff, a judgment creditor of the
defendant Szczuka, seeks to reach and apply his interest
in an amount alleged to be due to him from the Boston
Housing Authority on account of the taking of certain
premises in Boston, alleged to have been owned by him
at the time they were taken.    The plaintiff appealed from
a final decree establishing her indebtedness against Szczuka
and dismissing the bill against all the remaining defendants,
who were the Boston Housing Authority, Peter Szczarzenia
and Joseph Czajkowski.

The material facts found by the judge and those we find
for ourselves from an examination of the evidence, *Lowell
Bar Association* v. *Loeb*, 315 Mass. 176; *Counelis* v. *Counelis*,
315 Mass. 694, may be briefly stated.    One Timmerman,
who had acquired the premises formerly owned by Szczar-
zenia by the foreclosure of a mortgage, conveyed them on
September 4, 1929, to Szczuka, as trustee for Szczarzenia,.

for the sum of $2,930.61. The terms of the trust which were recited in the deed authorized Szczuka to manage and control the property free from any interference by Szczarzenia. Szczuka, as trustee, gave a mortgage for $4,000 to Czajkowski, from the proceeds of which he paid Timmerman and made certain repairs. Szczuka soon became unable to make the required payments on this mortgage, and in 1930 applied to a bank which held the first mortgage for a new and larger first mortgage in order that he could pay something to Czajkowski, but the bank's attorney did not believe it advisable to take title from one holding upon a trust similar to that under which Szczuka held. Czajkowski in April, 1932, made an entry for breach of his mortgage and took possession of the premises. He subsequently gave a lease to· Szczuka, who was holding as lessee when the Boston Housing Authority took the property by eminent domain. Szczuka signed an option to accept $5,500 from the Boston Housing Authority after he had explained to the representative of the authority that he was only the lessee and after he had secured permission from Czajkowski. The latter never had had any previous experience in dealing in real estate and relied to a ·large extent upon Szczuka, who had for several years dealt in real estate.

In December, 1932, Szczuka, as trustee, executed a deed of all his interest in the premises to Czajkowski, and the latter executed a deed of all his interest to Szczuka individually. There was then a balance of $2,500 due to Czajkowski on his mortgage. These deeds were executed for the purpose of securing a new first mortgage in a larger amount ·than the one then on the property, and ·were left with the attorney who drafted them. Neither Szczuka nor Czajkowski at the time they were executed intended that they should pass a present interest in the property. Some two weeks after they were executed, the attorney who drafted them·sent them to Czajkowski, who retained them until he lost them.

The principal contention of the plaintiff is that these deeds gave Szczuka absolute title to the premises subject to

the first mortgage and municipal liens, and that she is entitled to have so much of the balance of the land damages remaining after the payment of this mortgage and these liens as may be necessary applied to the satisfaction of her judgment.

The acts of the parties and the circumstances attending the execution of a deed are important as indicating their purpose and intent in determining whether there has been a delivery of the deed. The factors essential to delivery are that the grantor intend the deed to effect a present transfer of the property and that the grantee by his conduct assent to the conveyance. *Creeden* v. *Mahoney,* 193 Mass. 402. *Atkins* v. *Atkins,* 195 Mass. 124. *Hall* v. *Sears,* 210 Mass. 185. Whether there has been a delivery of a deed is ordinarily a question of fact. *Mills* v. *Gore,* 20 Pick. 28. *Murphy* v. *Hanright,* 238 Mass. 200. *Reed* v. *Home Ins. Co.* 295 Mass. 517. Szczuka and Czajkowski understood that the deeds were executed for the purpose of refinancing the loans on the property and that, when it became apparent that this could not be accomplished, the deeds were to be of no further use. The possession, management, and control of the property continued after the execution of the deeds in the same manner as they had prior thereto. Neither Szczuka nor Czajkowski intended or understood that the execution of the deeds should presently effectuate a discharge of Czajkowski's mortgage upon which there was a balance of $2,500 then due. The deeds were never recorded.

The judge was right in finding that these deeds had never been delivered and that, at the time of the taking of the property in 1940 by the Boston Housing Authority, Szczuka, the judgment debtor, had no title in the property. *Shurtleff* v. *Francis,* 118 Mass. 154. *Parrott* v. *Avery,* 159 Mass. 594. *Barnes* v. *Barnes,* 161 Mass. 381. *Joslin* v. *Goddard,* 187 Mass. 165. *Tewksbury* v. *Tewksbury,* 222 Mass. 595. *Landry* v. *Landry,* 265 Mass. 265. *Murphy* v. *Smith,* 291 Mass. 93. *Silbert* v. *Equitable Life Assurance Society,* 314 Mass. 406. Compare *Sullivan* v. *Hudgins,* 303 Mass. 442; *Bianco* v. *Lay,* 313 Mass. 444.

The right of redemption of Szczuka, as trustee for

Szczarzenia, was forever foreclosed in 1935. G. L. (Ter. Ed.) c. 244, §§ 1, 2. *Grabiel* v. *Michelson*, 297 Mass. 227. *Worcester* v. *Bennett*, 310 Mass. 400.

There is no merit in the contention of the plaintiff that Czajkowski was guilty of laches.

*Decree affirmed.*