JOHN J. BOYLE & others *vs.* PHILIP J. OWENS & another.

Suffolk. January 5, 1950. — June 28, 1950.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Deed,* Validity, Delivery. *Wills, Statute of.*

A decree in a suit in equity setting aside a deed of real estate was proper on findings by the trial judge, not shown by reported evidence to be plainly wrong, that, although the deed was recorded before the grantor's death, the parties thereto did not intend it to effect a present conveyance of the property or to become operative to pass title until the death of the grantor, that there was no effective delivery of the deed during the grantor's lifetime, and that the deed was "an attempt on the part of . . . [the grantor] to make a testamentary disposition of" the property.

BILL IN EQUITY, filed in the Superior Court on December 6, 1948.

The defendants appealed from a final decree entered after a hearing of the suit by *Fairhurst*, J.

*J. M. Graham*, for the defendants.

*B. L. Schwalb*, for the plaintiffs.

QUA, C.J. The plaintiffs are three of the seven children and heirs at law of Mary A. Boyle, late of Boston. They bring this suit against their sister, Mrs. Owens, and her husband to set aside a deed of the family residence on Norfolk Street in that part of Boston known as Dorchester. Mrs. Boyle gave the deed to Mrs. Owens and her husband as tenants by the entirety. It was given without consideration. It bore the date of July 24, 1947, but was not recorded until June 28, 1948. Mrs. Boyle died October 13, 1948. The only issue remaining in the case is whether the deed was delivered by Mrs. Boyle in her lifetime as a present conveyance of the property or was intended in lieu of a testamentary disposition to take effect only after Mrs. Boyle's death. The evidence is reported.

The issue is clearly an issue of fact. The trial judge found that the grantor and the grantees in the deed did not intend the deed to effect a present transfer of the real estate, "but the same was an attempt on the part of said Mary A. Boyle to make a testamentary disposition of the said real estate"; that there was no effectual and legal delivery of the deed during the lifetime of the grantor Mary A. Boyle; that the deed was not intended by the parties thereto to become operative and effectual as to title or enjoyment until the death of the grantor; and that the parties to the deed intended that title should not pass to the grantees until after the death of the grantor. The judge entered a final decree in favor of the plaintiffs.

This is not a case where the trial judge has simply drawn inferences from basic facts which were admitted or were indisputable. In such cases we are in no way bound by the inferences drawn and are wholly free to draw our own inferences. *Veazie* v. *Staples*, 309 Mass. 123, 127. *Malone* v. *Walsh*, 315 Mass. 484, 490. *Attorney General* v. *"Forever Amber,"* 323 Mass. 302, 309. This is a case where the sub-

sidiary facts were themselves open to varying interpretations, where everything depended upon the oral testimony of witnesses as to what had been done and particularly as to what had been said at past times, where the memory of witnesses and their frankness or the lack of it as disclosed by cross-examination were important elements, and where the trial judge had the great advantage of seeing and hearing the witnesses in person. In such cases the general rule applies that findings of fact of the trial judge will not be disturbed unless plainly wrong.

There was evidence tending to show that the deed was not intended to be delivered and was not received as the presently effective conveyance that on its face it appeared to be. There was evidence of statements of the grantor, known to the grantees, to the effect that the grantor wished Mrs. Owens to have the house after the death of the grantor. Whether this evidence pointed toward an incomplete delivery of the deed and what weight was to be given to it were matters for the consideration of the trial judge. There was evidence that the grantor requested that nothing be said about the fact that the deed had been given, and that when the deed, immediately after its execution, was handed to Mrs. Owens in the presence of the grantor by the attorney who had drawn it she handed it back to him and told him "to hold it for a while." The deed was not recorded until nearly a year later, about three and a half months before the grantor's death. The grantor had long been in failing health. The judge could have thought there was no adequate explanation for this delay. It appeared that by an understanding between the grantor and Mrs. Owens the grantor continued to occupy the upper apartment in the house, as she had before the deed was given, without paying rent; that Mrs. Owens continued to occupy and to pay rent to the grantor for the lower apartment, as she had before the deed was given; and that the grantor continued to supply the money for taxes and interest on the mortgage out of the money received as rent or from a savings bank in which past savings, apparently including those derived

Boyle *v.* Owens.

from rent, had been deposited. This arrangement existed after the recording of the deed as well as before. Whether it indicated that the deed was not intended to convey a present title, as the plaintiffs contended, or was merely a convenient family arrangement without significance, as the defendants contended, was for the consideration of the trial judge.

It is not necessary to set forth the evidence in further detail. None of it as matter of law compelled findings in favor of the plaintiffs. But enough has been recited to show that a substantial issue of fact was presented, and that we cannot say the judge was plainly wrong in making the findings which he made.

If the deed was neither delivered nor received as a present conveyance of the property, but was intended as a testamentary disposition to take effect upon the grantor's death, it was not executed according to the statute of wills and was a nullity and did not transfer title to the property. *Hawkes* v. *Pike*, 105 Mass. 560. *Shurtleff* v. *Francis*, 118 Mass. 154. *Hale* v. *Joslin*, 134 Mass. 310. *Parrott* v. *Avery*, 159 Mass. 594. *Tewksbury* v. *Tewksbury*, 222 Mass. 595. *Smith* v. *Thayer*, 234 Mass. 214. *Landry* v. *Landry*, 265 Mass. 265. *Frankowich* v. *Szczuka*, 321 Mass. 75, 77. Compare *O'Loughlin* v. *Prendergast*, 269 Mass. 41, 47, where the trial judge found that there had been a delivery.

*Decree affirmed with costs.*